838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Antoni NIEMIERKO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3409.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1988.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 
 1
 The final decision of the Merit Systems Protection Board, Docket No. DC08318610506, affirming Niemierko's ineligibility for an annuity under the Civil Service Retirement System is affirmed.
 
 OPINION
 
 2
 The Board clearly considered all the grounds for relief presented by Niemierko, including the fact that Niemierko worked for the American Consulate in Gdnask, Poland, from November 3, 1946 until August 12, 1948, and that on October 19, 1948, he received a refund of $53.05 representing the total amount of retirement deductions withheld from his salary during that period of employment. In addition, the administrative judge found that Niemierko never held another position in the federal service, and that there is no evidence in the record to show that he had any other periods of employment creditable under the Civil Service Retirement System. Although Niemierko asserts that the Board failed to question any witnesses concerning his claim, the record reflects that by Order dated October 17, 1986, the Board offered Mr. Niemierko the opportunity to present oral testimony in support of his appeal by telephone, at Board expense, and the record further demonstrates that petitioner failed to respond to the Board's Order. Thus, after reviewing the submissions of the parties, we find no basis under our statutorily prescribed scope of review for setting aside the Board's final decision. 5 U.S.C. Sec. 7703(c) (1982).
 
 
 3
 Although the loss of Niemierko's home and the dissolution of his family in Poland were tragic events in his life, neither this court, the Board nor the Office of Personnel Management has any discretion to waive the statutory requirements in determining whether he is entitled to benefits under the Civil Service Retirement Act. Indeed, if the requirements set by Congress result in an injustice, it is for Congress, and Congress alone, to amend those requirements. Cf. Denkler v. United States, 782 F.2d 1003, 1007-08 (Fed. Cir.1986).